FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRI G.,<br><br>          Plaintiff,<br><br>          v.<br><br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>          Defendant. | No. 1:20-CV-03206-JAG<br><br>ORDER GRANTING IN PART<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>REMANDING FOR ADDITIONAL<br>PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney D. James Tree represents Terri G. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

        I.        JURISDICTION

Plaintiff filed an application for Supplemental Security Income on August 19, 2013, alleging disability since June 30, 2008, due to anxiety, back pain,

bilateral knee pain, nerve damage in the left leg, and neuropathy in both feet. Tr. 68. The application was denied initially and upon reconsideration. Tr. 123-31, 135-40. Administrative Law Judge (ALJ) Laura Valente held a hearing on January 19, 2016, Tr. 39-51, and issued an unfavorable decision on May 19, 2016. Tr. 96-107. Plaintiff requested review of the ALJ's decision from the Appeals Council and the Appeals Council remanded the claim for further proceedings on February 8, 2018. Tr. 115-18.

On December 2, 2019, ALJ Valente held a remand hearing. Tr. 52-66. On January 8, 2020, ALJ Valente issued an unfavorable decision, finding substance abuse to be material to a finding of disability. Tr. 15-29. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request on September 20, 2020. Tr. 1-5. The ALJ's January 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 19, 2020. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and are only briefly summarized here. Plaintiff was born in 1976 and was 37 years old when she filed her application. Tr. 68. She has her GED and has worked in laundry, janitorial, and cashiering jobs, having last worked in 2008 prior to sustaining a shoulder injury. Tr. 693. In 2005 and 2006 she had back surgery, with the placement of hardware and two rods following a lumbar fusion and laminectomy. Tr. 655, 1060, 1408. She continued to struggle with back pain for years after the surgery. In 2013 and 2014 she began reporting anxiety and depression, largely related to stressful life circumstances. Tr. 630-32, 691, 1010-11. In 2015 following her son's enlistment in the armed services, her depression and anxiety worsened, with her family reporting her behavior becoming increasingly unpredictable. Tr. 1787-89. In 2017, she began drinking heavily and

subsequently had numerous suicidal gestures and medication overdoses. Tr. 1481, 1557, 1563, 2366, 2640, 2948. In 2019 she reported she drank to numb her physical pain and mental health issues, which became substantially worse in 2017. Tr. 1488, 1494, 1530.

### III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v.*

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 3

*Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

"A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (citing *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)). When there is medical evidence of drug or alcohol addiction (DAA), the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. § 416.935(a). In order to determine whether DAA is a material factor contributing to the disability, the ALJ must evaluate which of the physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). If the remaining limitations would not be disabling, DAA is a material contributing factor to the determination of disability. *Id.* If the remaining limitations would be disabling, the claimant is disabled independent of the DAA and the addiction is not a material contributing factor to disability. *Id.* The claimant has the burden of showing that DAA is not a material contributing factor to disability. *See Parra*, 481 F.3d at 748.

## V. ADMINISTRATIVE DECISION

On January 8, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-29.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, peripheral neuropathy, alcohol abuse, and anxiety disorder. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18-20.

The ALJ assessed Plaintiff's residual functional capacity, including substance abuse, and found she could perform light exertion work with the following additional limitations:

> Sit for one hour at a time, after which she needs to stand and stretch for a few minutes not away from the work station and could continue working in a different position, and sitting is available for six hours in an eight-hour workday; standing and walking is available for four hours in an eight-hour workday; has left lower extremity pushing and pulling, such as operation of foot pedals, at occasional; postural activities are all frequent, but should never climb ladders, ropes, or scaffolds and stooping and crawling are occasional; must avoid concentrated exposure to vibration and hazards, such as heights and dangerous machinery; must avoid concentrated exposure to extreme cold; not likely to attend work on a regular basis, would be off task at least one-third of the day, and limited to simple, routine tasks with no work with the general public and only superficial work with coworkers, meaning no coordination with work activity.

Tr. 20.

At **step four** the ALJ found Plaintiff was unable to perform her past relevant work as a cashier, janitor, or laundry worker. Tr. 21-22.

At **step five** the ALJ found that, including her substance use disorder, there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 22.

Because of Plaintiff's substance abuse, the ALJ further considered her abilities if she were to stop using drugs and alcohol. Tr. 23. The ALJ found Plaintiff's physical impairments would remain severe, but that her anxiety disorder would be a nonsevere impairment. Tr. 23. Absent substance use, the ALJ found Plaintiff would continue to not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. Tr. 24.

The ALJ assessed Plaintiff's residual functional capacity in the absence of substance abuse and found her physical abilities would be unchanged, and she would still be capable of a reduced range of light work with the same postural and environmental limitations, but would no longer have any social or cognitive limitations. Tr. 24.

At **step four**, the ALJ found Plaintiff would continue to be unable to perform her past relevant work. Tr. 28.

At **step five**, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity were she to stop substance use, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of production assembler, outside deliverer, and storage rental clerk. Tr. 28.

The ALJ thus concluded Plaintiff's substance use disorder was a contributing factor material to the determination of disability, and therefore Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 29.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

## VI.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony; (2) improperly rejecting opinion evidence; and (3) making a determination of materiality of substance abuse that was not supported by substantial evidence.

## VII.   DISCUSSION

A.   **<u>Plaintiff's Subjective Complaints.</u>**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 15 at 9-14.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those

symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 26. Specifically, the ALJ found Plaintiff's statements were inconsistent with her activities, normal findings on exams, and the objective findings on imaging, and were undermined by her reports that her pain symptoms were relieved with medication. *Id.*

Plaintiff argues the ALJ failed to identify clear and convincing reasons for discounting her statements, as the activities noted were minimal and not inconsistent with her allegations, and the reports of improvement with medication were isolated and in context did not indicate resolution of her problems. ECF No. 15 at 10-13. She further argues the ALJ selectively cherry-picked the record and ignored the numerous instances of exam findings that were supportive of Plaintiff's complaints, and that a lack of support from objective findings alone is an insufficient basis for discounting subjective reports of pain. *Id.* at 11-14. Defendant argues the ALJ reasonably considered Plaintiff's activities, reports of relief with medication, and the minimal objective findings in discounting her subjective complaints. ECF No. 16 at 3-5.[1]

The Court finds the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's subjective reports. A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict their other testimony or if the claimant can spend a substantial part of the day engaged in functions transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

---

[1] Defendant also argues the ALJ noted Plaintiff was not always forthcoming about her substance abuse. ECF No. 16 at 5-6. The ALJ made no such finding, and thus this constitutes *post hoc* rationale that the Court will not consider. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

2007). However, Ninth Circuit caselaw has been clear that the Social Security Act "does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." *Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996). The Ninth Circuit has further stated:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

The ALJ noted Plaintiff's activities included grocery shopping, light cleaning, and cooking, and that she could dress herself. Tr. 26. The ALJ failed to explain how any of these activities were inconsistent with Plaintiff's reports or how they indicated an ability for full-time work. *Id.* The Court finds the ALJ's discussion does not constitute a clear and convincing basis for disregarding Plaintiff's subjective reports.

Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). However, the citations offered by the ALJ do not indicate that Plaintiff's treatment was successful, only that her pain was somewhat relieved by her pain medications at times, in combination with lying down and resting, and that her pain was aggravated by stairs, changing positions, sitting, twisting, bending, walking, and driving. Tr. 698, 988. The record also contains instances of Plaintiff reporting that her medications were not relieving her symptoms. Tr. 634, 958, 1686, 2563. The ALJ's conclusion that Plaintiff's subjective pain complaints were

not reliable due to her reports of symptom relief with medication is not supported by substantial evidence.

The only other rationale offered by the ALJ was that a 2010 MRI showed stable post-operative changes without evidence of stenosis, and that exams were generally normal with respect to Plaintiff's extremities, muscle strength, and gait. Tr. 26. Objective evidence alone is not a sufficient basis upon which to discount a claimant's subjective complaints. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). Furthermore, the Court finds the ALJ's characterization of the exam findings is not supported by substantial evidence, as the record contains numerous objective findings that were abnormal and supportive of Plaintiff's pain reports, including tenderness and reduced or painful range of motion in the spine, rigidity of muscles, positive straight leg raise tests, positive EMG testing, stiff movements, pain with motion in the extremities, and occasionally impaired gait. Tr. 632, 636, 645, 650, 658, 701, 715, 963, 971, 979, 986-87, 993, 1018, 1421-22, 1427-29, 1615, 1665, 1774, 1757, 3822. The ALJ's conclusion that the physical exam findings do not support Plaintiff's reports is not supported by substantial evidence.

On remand the ALJ will reconsider Plaintiff's subjective reports.

**B.**    **Opinion Evidence.**

Plaintiff argues the ALJ erred in rejecting the opinions of ARNP Nancy Schwartzkopf and ARNP Joanna Kass. ECF No. 15 at 14-18.

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

    1.    **ARNP Nancy Schwartzkopf.**

Plaintiff's primary care provider, ARNP Nancy Schwartzkopf, provided two statements in support of Plaintiff's claim. In July 2014 she noted Plaintiff's

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 10

diagnoses included chronic back pain with degenerative disc disease of the lumbar spine, and chronic right knee pain, and opined that Plaintiff would miss three days of work per month due to her conditions (also complicated by social issues). Tr. 916-17. In March 2015 Ms. Schwartzkopf opined Plaintiff needed to lay down for 1-2 hours per day due to pain and would miss four or more days of work per month, noting pain limited her ability to lift, bend, carry, sit, stand, and reach for any length of time. Tr. 918-19.

The ALJ addressed these opinions[2] along with a number of other treating source opinions and found them all to be due little weight for being vague and inconsistent with the record, noting "mostly normal physical exams" and normal findings regarding extremities, muscle strength, and gait. Tr. 27.

The Court finds the ALJ's analysis is not supported by substantial evidence. There is nothing vague about the concrete limitations recommended by Ms. Schwartzkopf. Furthermore, as discussed above, the ALJ's characterization of the record as containing mostly normal physical exams is not supported by substantial evidence, given the repeated objective findings of painful and limited range of motion, stiff movements, positive straight leg raise testing, and rigid musculature, many of which were noted by Ms. Schwartzkopf herself. On remand, the ALJ shall reconsider Ms. Schwartzkopf's opinions.

    2.    **<u>ARNP Joanna Kass.</u>**

In April 2016, Plaintiff's treating counselor ARNP Joanna Kass completed a medical source statement opining Plaintiff was markedly limited in her ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, work in coordination with or proximity to others without being distracted by them, complete a normal workweek without

---

[2] The ALJ referred to Schwartzkopf as "Schuer," citing to Schwartzkopf's opinions at exhibits 9F and 10F. Tr. 27.

interruptions from psychological based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, and travel in unfamiliar places or use public transportation, along with numerous other moderate limitations. Tr. 1454-55. She further opined Plaintiff was markedly limited in maintaining social functioning, would be off task 21-30% of a standard workweek, and would miss four or more days of work per month. Tr. 1456.

The ALJ addressed this opinion[3] along with the state agency doctors, giving the opinions little weight, finding them to be inconsistent with the record. Tr. 26. The ALJ noted Plaintiff's own reports of being able to get along with others, follow instructions, and handle stress, and the consultative examiner's findings of relatively normal mental status exams results. *Id.*

The Court finds the ALJ's analysis is not supported by substantial evidence. In disregarding the April 2016 opinion, the ALJ cited to Plaintiff's statements in early 2014 and the results of a 2013 consultative exam. Tr. 26 (citing 397-404, 691-96). The record indicates Plaintiff first received treatment for mental health complaints in the summer of 2014, largely relating to circumstantial stressors, with complaints of depression and anxiety not appearing in earnest until later in the year and into 2015. Tr. 971, 979, 988-1011, 1801. Plaintiff started treatment with Ms. Kass in fall 2015 when her mental health began to deteriorate following her son's enlistment in the armed services and her family's reports of her behavior becoming increasingly unpredictable. Tr. 1743-47, 1761-64, 1787-89. Records following the April 2016 opinion show ongoing issues with stress, anxiety, mood dysregulation, anger, and lack of insight, eventually leading to her counselor recommending more intensive treatment through Comprehensive Mental Health. Tr. 1547-50, 1695-96, 1713-14, 1724-25, 1730, 1733. The ALJ's selective citation of the records from

---

[3] The ALJ referred to Kass as "Ross." Tr. 26.

prior to the onset of Plaintiff's significant mental health issues is not representative of a broader development of the record. Therefore, the ALJ's discussion is not supported by substantial evidence.

C.      **Substance Use Materiality Finding.**

The Social Security Act bars payment of benefits when drug abuse or alcoholism (DAA) is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) & 1382a(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001). If there is evidence from an acceptable medical source that a claimant has a substance abuse disorder and the claimant succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. § 416.935; SSR 13-2p (Feb. 20, 2013), *available at* 2013 WL 621536. That is, the ALJ must perform the sequential evaluation process a second time, separating out the impact of the claimant's DAA, to determine if they would still be found disabled if they stopped using drugs or alcohol. *Bustamante*, 262 F.3d at 955. DAA is a materially contributing factor if the claimant would not meet the SSA's definition of disability if the claimant were not using drugs or alcohol. 20 C.F.R. § 416.935(b).

Plaintiff argues the ALJ's analysis of the materiality of her substance use is not supported by substantial evidence. ECF No. 15 at 18-20. Specifically, Plaintiff takes issue with the ALJ's use of evidence from later in the relevant period to find alcohol use to have been material for the entire period, when the record indicates alcohol abuse did not begin until 2017 at the earliest. *Id.* Defendant argues the ALJ reasonably pointed to evidence from sober periods to support her finding that Plaintiff's functioning was relatively normal when she was not abusing alcohol, reasonably concluding that Plaintiff's substance abuse materially impacted her mental health. ECF No. 16 at 9-10.

As this claim is being remanded for other proceedings, the ALJ shall also reconsider the materiality of substance abuse for the periods where there is

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 13

evidence of such use. The Court notes that Plaintiff did not appear to have an alcohol abuse problem prior to 2017. The first documented instance of Plaintiff being observed to smell of alcohol was in February 2017. Tr. 2142. Plaintiff consistently reported early 2017 as the beginning of her severe issues with alcohol, in response to physical and emotional pain, which is also supported by her ex-husband's statements. Tr. 1486, 1508, 1530. Throughout 2017-2019, Plaintiff consistently admitted to alcohol use and was noted to appear intoxicated or in alcohol withdrawal. Tr. 1481, 1528, 1554, 1557, 1563, 1565, 2774, 2889-90, 3183, 3476, 3651, 3656, 3805. These events did not occur in the earlier time period, and there is no evidence of problematic alcohol use prior to 2017. The ALJ's discussion does not differentiate between the period of time prior to the onset of Plaintiff's alcohol abuse and her functioning as of 2017.

## VIII.  CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed, and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff subjective complaints and the opinions from Ms. Kass and Ms. Schwartzkopf, along with conducting a new DAA materiality assessment, taking into account Plaintiff's changing circumstances throughout the relevant period.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 30, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE